UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY JACKSON,

        Petitioner,

v.

        CASE NO. 05-CV-72438-DT
        HONORABLE AVERN COHN

TIM LUOMA,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR APPOINTMENT OF COUNSEL

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Gary Jackson ("Petitioner") is a state prisoner currently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan. Petitioner pleaded guilty to assault with intent to commit great bodily harm less than murder in the Saginaw County Circuit Court and was sentenced to 42 months to 15 years imprisonment in 2002. In his *pro se* petition for writ of habeas corpus, Petitioner raises claims concerning the voluntariness of his plea and the effectiveness of trial counsel, as well as his competency proceedings. Respondent, through the Michigan Attorney General's office, has filed a response to the petition contending that it should be denied for lack of merit. For the reasons that follow, the petition will be denied. Petitioner's motion for appointment of counsel will also be denied.

## II. Facts and Procedural History

Petitioner's conviction arises from his assault upon a female corrections officer at the Saginaw Correctional Facility in Freeland, Michigan on January 8, 2000. At the preliminary examination, the victim, Officer Maria Skunda, testified that Petitioner hit her twice on the head with an iron in the prison recreation room after refusing to obey her order to return to his cell for being disruptive. Officer Skunda said that she suffered lacerations on her head which required 14 staples and caused ongoing headaches. Corrections Officer Jeffrey Foldie testified that he observed the assault and corroborated the victim's testimony. Dr. Danny Greig testified that the victim suffered two two-inch lacerations to her head which he described as moderate to severe. The trial court bound Petitioner over on a charge of assault with intent to commit murder.

On May 29, 2002, Petitioner pleaded guilty to the lesser charge of assault with intent to commit great bodily harm less than murder in exchange for dismissal of the assault with intent to commit murder charge and an agreement that his minimum sentencing range would be 19 to 47 months. During the plea colloquy, Petitioner stated that he was 26 years old and had a 12th grade education. He acknowledged his understanding of the charges he faced, the plea agreement, and the rights that he was foregoing. He also acknowledged that he faced a 15-year maximum sentence and that his sentence would be consecutive to the one he was already serving. Petitioner denied that any threats or that any promises, other than those contained in the plea agreement, had been made to him to induce him to plead guilty. Petitioner also provided a factual basis for his plea. The trial court found the plea to be knowing and voluntary and accepted the plea.

At sentencing on July 25, 2002, Petitioner stated that he wanted to withdraw his plea and claimed that defense counsel was ineffective for failing to obtain witness statements and negotiate a better plea deal. Defense counsel responded that he had reviewed the discovery materials, had witnesses available from the prisons, conferred with Petitioner, the prosecutor, and the court, and determined that the plea was a fair one and in Petitioner's best interest. The trial court denied Petitioner's request to withdraw his plea and sentenced him to 42 months to 15 years imprisonment in accordance with the plea agreement.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, asserting the following claim:

> His convictions should be reversed and/or remanded for the appointment of counsel and an evidentiary hearing where defendant moved to withdraw his plea before sentencing based upon ineffective assistance of counsel and coercion and made a request for an evidentiary hearing to offer proof in support but the trial court refused to grant request for evidentiary hearing and/or appoint new counsel and/or adequately inquire into the conflict of interests issue inherent in defendant's claim where the trial court's action violated defendant's rights to counsel, a jury trial, due process of law and equal protection under the laws.

The Michigan Court of Appeals denied the application "for lack of merit in the grounds presented." *People v. Jackson*, No. 249932 (Mich. Ct. App. Oct. 7, 2003) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Jackson*, 469 Mich. 1027, 679 N.W.2d 61 (2004).

Petitioner thereafter filed the present habeas petition, raising the following claims:

    I.    He was denied his federal and state constitutional rights to the

> effective assistance of counsel where counsel failed to interview, investigate or present exculpatory witnesses, inform him of the trial date, negotiate a plea until the eve of trial, inform or discuss with him and the court the professional expert report of Dr. Ken Bertram which concluded he may have been significantly impaired and unable to form the intent to commit the crime, coerced him into taking a plea by leading him to believe he would have a biased racially prejudiced jury and be found guilty if he went to trial, and gave unsworn testimony against him showing an actual conflict of interest.

> II. He was denied his federal and state constitutional rights to effective assistance of counsel, due process, equal protection, and trial by jury where the trial court failed to exercise and/or abused its discretion by denying him an adequate opportunity to withdraw his guilty plea and an evidentiary hearing with conflict-free counsel.

> III. He was denied his federal and state constitutional rights rendering his guilty plea unintelligent and involuntary and his plea withdrawal, competency of counsel, sentencing and post-trial proceedings unconstitutional due to counsel's conflict of interest.

> IV. His rights to the effective assistance of counsel and due process were violated where his mental competency was raised and the court ordered two psychiatric evaluations but failed to conduct a competency hearing.

### III.  Analysis

#### A.  Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the United States Supreme Court undertook a detailed analysis of the correct standard of review under the AEDPA. According to the Court:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 412-13 (O'Connor, J., delivering the opinion of the Court on this issue).

In evaluating a state court decision under the "unreasonable application" clause, the Supreme Court further stated that a federal habeas court "should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 411. "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly

5

established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id.*

The Supreme Court also clarified that the phrase "clearly established Federal law, as determined by the Supreme Court of the United States," refers to "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.  In determining what constitutes clearly established federal law, therefore, a federal habeas court must look to pertinent United States Supreme Court precedent.

The AEDPA also requires that this Court presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1).  A habeas petitioner may rebut this presumption only with clear and convincing evidence.  *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

When the state courts do not clearly address an issue as a matter of federal law, a federal habeas court must conduct an independent review of the state court's decision.  *See, e.g., Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000).  This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented."  *Id.* at 943.  This independent review "is not a full, de novo review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

B. **Voluntary, Intelligent, and Knowing Nature of the Plea**

When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

Here, the state court record reveals that Petitioner's plea was knowing and voluntary. At the time of his plea, Petitioner was 26 years old and had a 12th grade education. He had prior experience with the criminal justice system. There is no evidence that mental or psychological problems impaired his ability to understand his criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The court discussed the plea agreement and informed Petitioner that he faced a minimum sentence of 19 to 47 months imprisonment and a maximum sentence of 15 years imprisonment upon conviction, and that the sentence would run consecutively to the sentence he was already serving. Petitioner indicated that he was

pleading guilty of his own free will and had not been coerced or threatened. He also indicated that no promises, other than those contained in the plea agreement, had been made to him to induce him to tender his plea.

Petitioner's assertion that he was his plea was not knowing and voluntary is belied by the record of his sworn testimony at the plea hearing. The fact that Petitioner was subsequently dissatisfied with his sentence or may have hoped for more lenient treatment does not render his plea unknowing or involuntary. *Brady*, 397 U.S. at 757. As aptly stated by the Sixth Circuit when faced with a challenge to a plea bargain based upon an alleged off-the-record agreement:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. '[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.'

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Having carefully reviewed the record, the Court is satisfied that Petitioner's guilty plea was knowing, intelligent, and voluntary. As such, he is not entitled to habeas relief on this claim.

### C. Effectiveness of Trial Counsel

Petitioner relatedly/jointly asserts that defense counsel was ineffective for failing to properly investigate his case, advise him about the proceedings, and negotiate his plea. The United States Supreme Court has set forth a two-part test for evaluating the

8

claim of a habeas petitioner who is challenging a plea on the ground that he was denied his Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id.* The Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

Petitioner first asserts that defense counsel was ineffective for failing to investigate his case and take certain actions during the pre-plea period. Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea, however, are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The United States Supreme

9

Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty generally waives any non-jurisdictional claims that arose before his plea. In such a case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *See Broce*, 488 U.S. at 569. Accordingly, Petitioner's claim that defense counsel was ineffective in preparing for trial is foreclosed by his plea and Petitioner is not entitled to relief on such a basis.

Petitioner also asserts that defense counsel misadvised him about his plea. Petitioner has not established that defense counsel misadvised. Moreover, even if Petitioner was misinformed by counsel, he is not entitled to habeas relief. A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *See Ramos*, 170 F.3d at 565; *see also Boyd v. Yukins*, 99 Fed. Appx. 699, 703 (6th Cir. 2004). Consequently, a claim of ineffective assistance of counsel predicated on allegedly misleading information given by counsel about the plea does not provide grounds for habeas relief when the trial court conducts a proper plea colloquy. *Id..* The record demonstrates that the trial court conducted a proper colloquy.

Petitioner also asserts that counsel coerced him into pleading guilty by telling

10

him that he would have a racially biased jury and that he would be found guilty. Petitioner claims that counsel was pressuring him to plead guilty to cover up his own ineffectiveness. Petitioner's assertions conflict with his sworn testimony at the plea hearing in which he denied being coerced into pleading guilty and in which he stated that he was pleading guilty of his own free will. There is no evidence that defense counsel strong-armed Petitioner or used coercive tactics to get him to plead guilty. Petitioner's assertion that he was coerced and/or that counsel operated under a conflict of interest is belied by the record. Additionally, given the significant evidence of guilt presented at the preliminary examination, Petitioner has failed to show that defense counsel erred or acted unreasonably in advising him to accept the plea agreement and plead guilty.

Further, Petitioner has not established that but for counsel's alleged errors there is a reasonable probability that he would not have pleaded guilty and insisted on going to trial. By entering a plea, Petitioner reduced the charge against him, guaranteed that his minimum sentence would be between 19 and 47 months imprisonment, and reduced his maximum sentencing exposure from life imprisonment to 15 years imprisonment. While Petitioner may have been able to challenge the credibility of the corrections officers' testimony (as set forth at the preliminary examination), that testimony provided significant evidence of his guilt. The matters which he believes should have been further investigated by counsel do not establish his innocence nor cast doubt upon the reliability of the proceedings. Under such circumstances, Petitioner cannot prevail on his involuntary plea/ineffective assistance of counsel claims.

### D. Plea Withdrawal/Evidentiary Hearing Claim

Petitioner also asserts that he is entitled to habeas relief because the trial court failed to allow him to withdraw his plea prior to sentencing and/or failed to conduct an evidentiary hearing on his claims. Petitioner essentially claims that the trial court violated state law in denying his plea withdrawal and evidentiary hearing requests. However, a state court's alleged failure to properly apply state law or its own procedural rules, even if well-established, is not cognizable on federal habeas review. This Court's power to grant a writ of habeas corpus only extends to errors in the application of federal law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1975). Habeas relief is unavailable for errors of state law and a federal court will not review a state court's decision on a matter of state law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Long v. Smith*, 663 F.2d 18 (6th Cir. 1981). Further, given the Court's determination that the foregoing claims are without merit, Petitioner has not established that an evidentiary hearing is warranted in this case. Habeas relief is not warranted on this claim.

### E. Competency Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because defense counsel and/or the trial court failed to investigate his competency to stand trial and/or enter a plea. It is well-established as a matter of federal constitutional law that a criminal defendant may not be tried unless he is competent. *See Godinez v. Moran*, 509 U.S. 389, 396 (1993). The standard for competence to plead guilty or be sentenced is the same as the standard for competence to stand trial: whether the

defendant has (1) sufficient present ability to consult with a lawyer and (2) a rational and factual understanding of the proceedings against him. *Id.* at 396-98. Due process is violated by a court's failure to hold a competency hearing where there is substantial evidence of a defendant's incompetency. *Pate v. Robinson*, 383 U.S. 375, 385-86 (1966). The question for a reviewing court in such a case is whether a reasonable judge, situated as was the trial court judge, should have experienced a "bona fide doubt" about the defendant's competency. *See Warren v. Lewis*, 365 F.3d 529, 533 (6th Cir. 2004) (citing *Drope v. Missouri*, 420 U.S. 162, 173 (1975)); *see also Mackey v. Dutton*, 217 F.3d 399, 413-14 (6th Cir. 2000).

Having reviewed the record, the Court concludes that defense counsel did not err in failing to pursue the issue of Petitioner's competency before the trial court. The record reveals that defense counsel had investigated this issue, but a forensic examiner determined that Petitioner was not mentally ill and could be malingering. Given this report and the record of the plea proceedings, a reasonable defense attorney (or judge sitting the trial court's place) would not have experienced a bona fide doubt as to Petitioner's competency at the time of his guilty plea or sentence. The record is devoid of evidence that Petitioner was unable to consult with defense counsel or have a proper understanding of the criminal proceedings. To the contrary, the record indicates that Petitioner was 26 years old, had an 12th grade education, and had prior contacts with the criminal justice system. At the time of his plea and sentence, Petitioner indicated that he understood the proceedings and said that he was voluntarily pleading guilty pursuant to a favorable plea agreement. Given these circumstances, Petitioner has not established that the defense counsel erred or that he

was prejudiced by counsel's performance in this regard. Nor has he shown that the trial court violated his constitutional rights by failing to conduct a competency hearing. Additionally, Petitioner has not presented sufficient facts to create a real and substantial doubt as to his competency so as to warrant an evidentiary hearing, *see Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) (citing cases), or other relief from this Court. Habeas relief is not warranted on this claim.

## IV. Conclusion

For the reasons stated above, Petitioner has failed to show that the state court decisions denying him relief are contrary to United States Supreme Court precedent or constitute an unreasonable application of federal law or the facts. Petitioner is not entitled to habeas relief on the claims raised in his petition. Accordingly, the petition for writ of habeas corpus is **DENIED**. Given this determination, Petitioner's motion for appointment of counsel is also **DENIED**.

**SO ORDERED**.

          s/Avern Cohn
          AVERN COHN
          UNITED STATES DISTRICT JUDGE

DATED: 10/17/06